UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAMUEL YATES,

    Plaintiff,

    v.

LT. JAMES DILDAY, *et al.*,

    Defendants.

Case No. 09-cv-260-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 39) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion to dismiss (Doc. 28) filed by defendants Tyler Bradley and James Dilday. Yates objected to the report (Doc. 40), and the defendants responded to that objection (Doc. 41).

Yates was an inmate at Menard Correctional Center at all relevant times. In his amended complaint, Yates alleges the following facts:

Three days after being treated by a prison doctor for what was diagnosed as a spider bite, Yates was in great pain and asked Bradley and Dilday to get him medical attention. Bradley and Dilday told Yates to put in a sick-call request to see medical staff, for which Yates might have been charged a $2 co-payment. *See* 730 ILCS 5/3-6-2(f) ("The Department shall require the committed person receiving medical or dental services on a non-emergency basis to pay a $2 co-payment to the Department for each visit for medical or dental services. . . . A committed person who is indigent is exempt from the $2 co-payment and is entitled to receive medical or dental services on the same basis as a committed person who is financially able to afford the co-payment."). Yates insisted his condition was an emergency and did not submit a sick-call request. Instead, he waited for a shift change and persuaded officers on the next shift to take him

immediately to the health care unit.  Eventually, Yates was diagnosed with having a methicillin-resistant staph aureus ("MRSA") infection, which required hospitalization and surgery.

Yates filed this lawsuit claiming Bradley and Dilday were deliberately indifferent to his serious medical needs when they refused to take him to the health care unit and instead advised him to file a sick-call request.  Bradley and Dilday ask the Court to dismiss Yates' claims against them on the basis of qualified immunity.  Yates argues that dismissal at this stage is premature.

**I.      Report and Recommendation Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.     The Report**

The Report adequately sets forth the applicable legal standards, so the Court will not repeat them here.  The Report further found that Bradley and Dilday are entitled to qualified immunity because Yates' amended complaint does not allege facts plausibly suggesting they were deliberately indifferent when they assessed Yates' medical condition as a non-emergency.  The Report notes that, while Bradley and Dilday knew Yates had been treated for a spider bite several days earlier, no allegation plausibly suggests they knew that Yates had a MRSA infection, that he was in shock from that infection, that the treatment Yates received days earlier was insufficient or that an immediate follow-up appointment was necessary.  The Report concludes that their direction to Yates to file a sick-call request was a reasonable response and

did not amount to deliberate indifference. Any negligence in failing to recognize Yates' condition as an emergency was not deliberate indifference. Furthermore, the Report finds it was not clearly established at the time that Bradley and Dilday violated Yates' constitutional rights by acting as they did. Finally, the Report finds that Judge Herndon's decision to allow Yates' claim against Bradley and Dilday to survive review under 28 U.S.C. § 1915A does not preclude dismissal at this stage.

### III. Objections and Analysis

Yates first argues that Judge Herndon's prior order precludes dismissal at this stage. There is no indication Judge Herndon's prior order reviewing this case under 28 U.S.C. § 1915A considered the issue of qualified immunity, so a dismissal at this point would not be contrary to that decision. Even if it were, nothing prevents the Court from reconsidering that order *sua sponte* in light of the adversarial briefs now before the Court. The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). The Court's original decision was made prior to service of the defendants and without the benefit of adversarial briefing. If subsequent briefing in connection with the pending motion to dismiss reveals a prior decision as erroneous, the Court has the discretion to change its prior ruling.

Yates also argues that it is not proper to dismiss his claims against Bradley and Dilday

when discovery may show that they actually knew Yates needed emergency medical attention because they were trained in recognizing MRSA symptoms and in the importance of immediate treatment for MRSA infections.  No allegation in the complaint plausibly suggests the defendants either knew of Yates' serious medical condition caused by MRSA or disregarded his medical needs.  The most the allegations in the complaint plausibly suggest is that they were negligent in their assessment of Yates' condition as a non-emergency for which he could seek medical attention using the standard procedure for obtaining it.  While it is true that subjecting the defendants to discovery could conceivably yield evidence of deliberate indifference, the pleading standard is no longer whether there is any set of facts consistent with the complaint under which the plaintiff would be entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (rejecting that standard as set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  After *Bell Atlantic* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a complaint's allegations must *plausibly suggest* a basis for liability, *Bell Atl.*, 550 U.S. at 555;  *Iqbal*, 129 S. Ct. at 1949, and Yates' complaint does not.

    The Court is further mindful that qualified immunity aims not only to protect government officials from liability for civil damages but also to protect them from having to shoulder other disruptive burdens inherent to the litigation process, including discovery.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816-17 (1982)).  In this case, the Court is not willing to subject Bradley and Dilday to the burdens of discovery when Yates has not alleged facts plausibly suggesting their liability.

    The Court has reviewed all other aspects of the matter *de novo* as well as the aforementioned issues and, for the reasons stated in the Report, finds that dismissal on the basis of qualified immunity is warranted.

**IV.    Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report in its entirety (Doc. 39), **GRANTS** the defendants' motion to dismiss (Doc. 28), **DISMISSES** Yates' claims against Bradley and Dilday **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  February 28, 2011**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**